UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-81245-MIDDLEBROOKS/MATTHEWMAN

CARLOS SARRIA and RENEE SARRIA,

    Plaintiffs,

v.

M/V TROPHY, a 1984 74' Huckins motor yacht,
her boats, engines, generators, tackle, rigging,
apparel, furniture, furnishings, equipment,
contents and appurtenances, etc., *in rem*; and
RICHARD MAYER, *in personam*,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON CLAIMANT SHELLI SCHMID'S "NOTICE OF CLAIM" [DE 21]**

**THIS CAUSE** is before the Court upon a review of the docket and upon the Court's January 24, 2024 "Order to Show Cause to *Pro Se* Claimant Shelli Schmid as to Why Claim Should Not Be Dismissed or Stricken or Sanctions Imposed" [DE 47]. The matter was referred to the undersigned United States Magistrate Judge by the Honorable Donald M. Middlebrooks, United States District Judge, pursuant to an Order Referring Case and Setting Trial Date [DE 13], and pursuant to an Order Referring Case to Magistrate Judge for Settlement Conference [DE 38].

**I. BACKGROUND**

On September 11, 2023, Plaintiffs Carlos Sarria and Renee Sarria filed a Verified Complaint in admiralty against "Defendant, M/V TROPHY, a 1984 '74 Huckins motor yacht,

U.S. Coast Guard Official No. 664747, HIN: HNS744280983, her boats, engines, generators, tackle, rigging, apparel, furniture, furnishings, equipment, contents, and appurtenances, etc. . . . *in rem*; and RICHARD MAYER, *in personam*." [DE 1 at 1]. Subsequently, on September 26, 2023, the Court entered an Order Referring Case and Setting Trial Date [DE 13]. As part of that Order, Judge Middlebrooks referred the case to the Undersigned for purposes of conducting a Scheduling Conference. [DE 13 at 3].

Accordingly, on October 3, 2023, the Undersigned set a Scheduling Conference for October 12, 2023, at 1:30 p.m. [DE 15]. However, in the interim period, on October 6, 2023, Claimant Shelli Schmid ("Claimant" or "Ms. Schmid") submitted a *pro se* "Notice of Claim" ("Claim") against the M/V Trophy. *See* DE 21. As part of that "Claim," Ms. Schmid attached the Notice of Action in Rem and Arrest of Vessel [DE 11] in this case, with handwritten notations on it, specifically underlining the follow language:

> Pursuant to Supplemental Rule C(6), and Local Admiralty Rule C(6), any person having a claim against the vessel and/or property shall file a claim with the Court not later than fourteen (14) days after process has been effected, *and shall file an answer within twenty-one (21) days from the date of filing their claim.*

[DE 21 at 2] (emphasis added). Claimant's Claim was then docketed with the Court on October 10, 2023. *See* DE 21. Notably, the amount of Ms. Schmid's purported Claim is $4,553.78. [DE 21 at 6]. Moreover, in her filing, Ms. Schmid stated: "Consider this notice of Claim." *Id.* at 1. Ms. Schmid has taken no further action to prosecute this purported "Claim."

On October 12, 2023, the Undersigned conducted a Scheduling Conference, wherein Claimant failed to appear despite her recent appearance in the case. *See* DE 23. Nonetheless, in recognition of Claimant's *pro se* appearance, on October 16, 2023, the Undersigned entered an Order of Instructions to *Pro Se* Litigants ("Instructions") [DE 25]. As part of those Instructions,

the Undersigned specifically noted that *pro se* litigants "like, all other litigants, must adhere to the Florida Rules of Civil Procedure and the Local Rules of the Southern District of Florida." [DE 25 at 3].

Subsequently, on November 7, 2023, Judge Middlebrooks issued an Order Referring Case to Magistrate Judge for Settlement Conference [DE 38]. The Undersigned then entered an Order Scheduling Settlement Conference Via Zoom VTC [DE 43] on November 9, 2023, setting a Settlement Conference date for January 23, 2024. [DE 43 at 1]. Importantly, as part of that Order, the Undersigned required all "[p]arties and their lead counsel [to] personally appear at the conference by Zoom." *Id.* at 2.

With that being said, on January 23, 2024, the Undersigned held the Settlement Conference as scheduled. *See* DE 46. During the Settlement Conference before the Undersigned, the parties settled the case, with settlement terms being entered and ratified on the record. *Id.* Ms. Schmid failed to attend the Settlement Conference as ordered. Indeed, in the Paperless Minute Entry thereafter, it was noted that "the parties, their counsel and corporate representatives appeared on time with full authority to settle the matter," and that "a full and complete settlement ha[d] been reached." *Id.* However, it was also noted that *pro se* Claimant Shelli Schmid failed to appear at the Settlement Conference. *Id.* Accordingly, the next day, on January 24, 2024, the Undersigned issued an Order to Show Cause to *Pro Se* Claimant Shelli Schmid as to Why Claim Should Not Be Dismissed or Stricken or Sanctions Imposed ("Order to Show Cause") [DE 47].

In the Undersigned's Order to Show Cause [DE 47], the Undersigned pointed to Claimant's failure to appear at the Settlement Conference as ordered, noting that the Settlement Conference was duly noticed and that *pro se* Instructions were sent to Claimant. [DE 47 at 1–2]. The Undersigned also noted that it appeared Claimant "may be improperly attempting to

3

represent a corporate entity by the name of Safety First," and that it appeared Claimant "has failed to diligently and properly prosecute her purported claim." *Id.* at 2. Thus, the Undersigned ordered Claimant to show cause, "in writing, why her claim should not be stricken or dismissed or why she should not be sanctioned or held in contempt for failing to appear at the duly noticed Settlement Conference, for apparently attempting to represent a corporate entity Safety First, and for failing to diligently and properly prosecute her purported claim." *Id.*

On January 26, 2024, Claimant submitted correspondence to the Court, which was then docketed on February 1, 2024. *See* DE 50. Within that correspondence—submitted in response to the January 23, 2024 Paperless Minute Entry (which indicated therein that the Undersigned would be issuing an Order to Show Cause as to Claimant's failure to appear at the Settlement Conference)—Claimant simply stated: "I am a captain and I have been out of the country with no internet or phone service." *See* DE 50.

Following the successful Settlement Conference, on February 5, 2024, Plaintiffs Carlos Sarria and Renee Sarria, Defendant M/V Trophy, and Richard Mayer filed a Joint Stipulation of Voluntary Dismissal with Prejudice [DE 51] in accordance with the January 23, 2024 settlement of this case. The Stipulation indicated that the claims "brought against M/V TROPHY and RICHARD MAYER in this litigation are . . . dismissed with prejudice; with each party bearing their own attorneys' fees and costs." [DE 51 at 2].

One day later, on February 6, 2024, correspondence from Claimant was again filed with the Court. *See* DE 52. Within said correspondence, Claimant timely responded to the Undersigned's Order to Show Cause [DE 47]. Simply stated, Claimant maintained the following: (1) that Safety First was a sole proprietorship and not a corporation; (2) that she filed a lien "because M/V Trophy and owners left Lamb[']s Yacht Center without paying . . . for the new

4

fire system installed in the aft generator compartment and all of the other . . . work . . . performed"; (3) that Claimant tried to get legal counsel, but none returned her calls; (4) that she received assistance from an individual at St. Johns County Legal Aid to help respond; (5) that the Clerk of Court informed her there was "nothing more required" of her; (6) that she responded to the demands of lawyers "as best" as she could, with "one teleconference . . . not even let[ting] her] check in"; (7) that she is a Captain as well as a Safety Inspector and often has no cell or internet service; and (8) that, while she apologized for not being present at the "meeting," all she was trying to do was to "be reimbursed for stolen merchandise and labor performed on M/V Trophy." *Id.* at 1–2.

Claimant's one sentence handwritten response to the Paperless Minute Entry, and her later response to the Undersigned's Order to Show Cause, *see* DEs 50, 52, did not state the dates Claimant had allegedly been out of the country with no internet or phone service, when she left and when she returned, where she traveled to and from, why she could not have attended the Settlement Conference by phone or Zoom from a foreign location, and did not provide any other specifics. No affidavit, declaration, or supporting documents were included as to either response. Moreover, to the extent Claimant did state that "[o]ne teleconference would not even let me check in," DE 52 at 2, the Undersigned notes that Claimant failed to contact chambers or to otherwise apprise the Undersigned of any issues regarding her appearance. In essence, the response was woefully insufficient.

## II.  ANALYSIS & RULING

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*,

5

501 U.S. 32, 43 (1991)). "A court [also] has the inherent power to *sua sponte* dismiss a case for lack of prosecution." *Charr v. King*, No. 21-CV-61654-WPD, 2021 WL 9938480, at *1 (S.D. Fla. Nov. 15, 2021) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, "Courts undoubtedly possess the power to dismiss an action for 'failure to prosecute with reasonable diligence or to comply with the Court's orders or rules of procedure.'" *Macaya v. Aramark, Inc.*, No. 21-10052-CV, 2022 WL 597498, at *2 (S.D. Fla. Jan. 31, 2022), *report and recommendation adopted*, No. 21-100152-CIV, 2022 WL 595298 (S.D. Fla. Feb. 28, 2022), (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (alteration omitted)). To this end, "dismissal without prejudice for failure to prosecute is not an adjudication on the merits; and, therefore, courts are afforded greater discretion in dismissing claims in this manner." *Cook v. Jones*, No. 17-23847-CV, 2020 WL 8167354, at *2 (S.D. Fla. Nov. 12, 2020), *report and recommendation adopted*, No. 17-23847-CIV, 2021 WL 134412 (S.D. Fla. Jan. 14, 2021).

Several cases are persuasive as to what action the Court should take in response to Claimant's failure to attend the Settlement Conference. In *Cook*, the court ordered a plaintiff to file a response to several motions for summary judgment. *Id.* at *1. After the plaintiff failed to do so, and after noting that the plaintiff also failed to seek additional time to file a response, the court recommended that the action be dismissed without prejudice due to the plaintiff's failure to comply with a court order and upon want of prosecution, pursuant to the court's inherent authority *Id.* at *2. That recommendation was subsequently adopted in its entirety. 2021 WL 134412, at *1.

Further, in *Macaya*, the court instructed a *pro se* plaintiff to respond to a Motion to Quash Service and to Dismiss. 2022 WL 597498, at *1. The court warned the plaintiff that failure to respond may result in a report recommending that plaintiff's case be dismissed for a failure to

6

prosecute. *Id.* The court also instructed the plaintiff to file a "Notice of Change of Address," warning the plaintiff that the failure to keep the court apprised of his address may result in the case being dismissed for lack of prosecution. *Id.* After the plaintiff subsequently failed to respond to the Motion to Quash Service and to Dismiss and failed to file a Notice of Change of Address, the court recommended that the plaintiff's complaint be dismissed without prejudice, for failure to prosecute and for failure to comply with the court's order. *Id.* at *2. Ultimately, that recommendation, too, was adopted in its entirety. 2022 WL 595298, at *1.

Here, prior to the Undersigned's Order to Show Cause [DE 47], Claimant Shelli Schmid's involvement in this case was solely limited to the submission of her purported Claim, which was docketed with the Court on October 10, 2023. [DE 21]. This was despite Claimant highlighting language in her Claim from Supplemental Rule C(6) and Local Admiralty Rule C(6), which both require Claimant to file an answer within twenty-one (21) days from the filing of her Claim (which she nonetheless failed to do in this case). Additionally, as discussed above, Claimant failed to attend the duly noticed January 23, 2024 Settlement Conference, wherein the remainder of the parties reached a full and complete settlement in this case. Ms. Schmid has failed to establish good cause or excusable neglect as to why she failed to appear at the Settlement Conference.

It was not until after the Undersigned issued the Order to Show Cause [DE 47] that Claimant responded she had been out of the country with no internet or phone service. *See* DEs 50, 52. Yet, as noted above, that one sentence statement (and Claimant's later response to the Court's actual Order to Show Cause) provided no specifics of the dates she had allegedly been out of the country with no internet service, where she traveled to, why she could not attend by phone or Zoom, or any other specifics. The responses were wholly insufficient. While the

7

Undersigned is certainly cognizant and appreciates the fact that Claimant is proceeding *pro se* in this case—and that Claimant has apparently had difficulty finding legal representation—in the Undersigned's Order of Instructions to *Pro Se* Litigants [DE 25], the Undersigned specifically noted that *pro se* litigants "like, all other litigants, must adhere to the Florida Rules of Civil Procedure and the Local Rules of the Southern District of Florida." [DE 25 at 3]. In this regard, Claimant filed her Claim but has wholly failed to prosecute her case thereafter. Indeed, again, Claimant's only filings in this case are the Claim and the documents pertaining to the Order to Show Cause. *See* DEs 21, 50, 52. To date, Claimant has *still* failed to file the answer required by Supplemental Rule C(6) and Local Admiralty Rule C(6) or to otherwise prosecute this case in any capacity.

Accordingly, the Undersigned finds that *pro se* Claimant Shelli Schmid has failed to sufficiently and diligently prosecute her purported Notice of Claim. Further, the Undersigned finds that Claimant's failure to attend the January 23, 2024 Settlement Conference was improper and dilatory. In this regard, Claimant's failure to prosecute this case and her failure to attend the January 23, 2024 Settlement Conference have unnecessarily delayed this case. The Undersigned views Claimant's failure to file *anything* beyond the purported notice of Claim and beyond the correspondence in response to the Order to Show Cause as similar to the circumstances in *Cook* and *Macaya*.

Although Ms. Schmid did respond to the Order to Show Cause (in essence, twice), her response(s) utterly failed to explain why she has failed to prosecute her alleged notice of claim since it was filed with the Court on October 10, 2023. Further, her response(s) were inadequate to establish good cause or excusable neglect as to why she failed to attend the Settlement Conference.

## III. CONCLUSION

In light of the foregoing, the Undersigned **RECOMMENDS**: (1) that the District Judge enter an Order **DISMISSING WITHOUT PREJUDICE** Claimant Shelli Schmid's Claim [DE 21] for lack of prosecution; (2) approve the Joint Stipulation for Dismissal with Prejudice [DE 51]; and (3) close this case.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of March, 2024.

WILLIAM MATTHEWMAN
United States Magistrate Judge